IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID WHITE,

        Plaintiff,                                    Case No. 1:24-cv-01301-MC

        v.                                          OPINION & ORDER

WILLIE L. PHILLIPS, et al.,

        Defendants.

_____

MCSHANE, Judge:

        Self-represented Plaintiff, David White, seeks leave to proceed *in forma pauperis* ("IFP"). Appl., ECF No. 2. This Court has discretion in deciding whether to grant IFP. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617. Here, because Plaintiff seeks to pursue claims previously dismissed by this Court, his IFP Application is denied.

        In roughly four months, Plaintiff has initiated three separate lawsuits related to the Klamath Hydroelectric Project, each seeking to enjoin the removal of dams on the Klamath River. The first was dismissed without prejudice and without leave to amend on July 26, 2024. Opinion & Order, ECF No. 70, *White v. Coffman et al.*, 3:24-cv-00755-JR. Days later, Plaintiff filed a second lawsuit that named the same defendants and sought to enjoin the same dams.

1 – Opinion & Order

*White v. Coffman et al.*, 1:24-cv-01291-MC. As relief, Plaintiff requested this Court to vacate the previous case's final order of dismissal. *See* Compl. 18, ECF No. 1, 1:24-cv-01291-MC. This Court dismissed the second action with prejudice on August 15, 2024.

The third lawsuit, the instant action, was filed days after the second. Compl., ECF No. 1. The Complaint is almost a copy-and-paste regurgitation of Plaintiff's previously denied claims and motion for an injunction. Plaintiff again "requests the federal court to vacate the 3:24-cv-00755-JR final dismissal on 7/26/2024." *Id.* at 28. The only notable difference in the instant action is that Plaintiff has named new Defendants—members of the Federal Energy Regulatory Commission ("FERC").

As already conveyed to Plaintiff in this Court's last dismissal, there are rules for challenging a final decision on the merits received in district court. Those rules do not allow Plaintiff to file a nearly identical action asking this Court to vacate an earlier judgment. Additionally, as conveyed to Plaintiff in the original dismissal, this Court does not have jurisdiction to hear Plaintiff's claims against the named Defendants. FERC is authorized to issue licenses for the construction and operation of hydroelectric projects through the Federal Powers Act ("FPA"). *California Save Our Streams Council, Inc. v. Yeutter*, 887 F.2d 908, 910 (9th Cir. 1989) (citing 16 U.S.C. § 797(e)). The express language of the FPA "provides exclusive jurisdiction for the Courts of Appeals to review and make substantive modifications to FERC licensing orders." *Id.* at 911.

To the extent Plaintiff seeks to challenge the final dismissal in 3:24-cv-00755-JR, the federal rules preclude it. And to the extent Plaintiff seeks to challenge the licensing decision made by FERC regarding the Klamath Hydroelectric Project, this Court lacks jurisdiction.

For these reasons, the Court cannot grant Plaintiff's request to proceed IFP. The Application, ECF No. 2, is DENIED. Plaintiff's Complaint, ECF No. 1, is DISMISSED with prejudice and without leave to amend. Any outstanding motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 17th day of September, 2024.

                                                                               s/Michael J. McShane
                                                                                  Michael McShane
                                                             United States District Judge